# HIGH COURT

OF

# ERRORS AND APPEALS.

### DECEMBER TERM, 1838.

---

## Reeves *v.* Burnham.

Where more than a year and a day has elapsed after rendition of a judgment, and no steps have been taken to enforce it, the judgment must be revived by *scire facias;* and an execution issued after the lapse of that period, without a revival of the judgment by *scire facias,* is irregular, and will be quashed on motion.

Judgments on forfeited forthcoming bonds are regarded in the same light as judgments obtained in the ordinary mode of proceeding.

ERROR from the circuit court of Warren county.

Guion and Prentiss, for plaintiff in error.
Harrison, *contra.*

Mr. Justice TROTTER delivered the opinion of the court.

This is a writ of error to the circuit court of Warren county. The record shows that at the November term of the circuit court of that county, and on the 4th day of November, 1830, the plaintiff recovered a judgment against the defendant for the sum of 272 dollars, and 16 cents. That, afterwards, on the 19th day of February, 1835, an execution was sued out on this judgment

VOL. III.—3

[Reeves *v.* Burnham.]

returnable to the May term following. At the return term of the execution a motion was made by the defendants to quash it, which was sustained by the court.

The judgment of the court on this motion is the error assigned. The period of a year and a day had elapsed after the rendition of the judgment, before any step was taken by the plaintiff to enforce it. The *fieri facias* was the first and only process issued. More than four years had expired, and the judgment was presumed to be satisfied. The plaintiff was therefore bound to revive it in the ordinary way by a *scire facias*. The execution was irregular, and the court below did right in setting it aside.

It is no answer to this conclusion that the judgment was rendered upon the forfeiture of a forthcoming bond taken in satisfaction of a prior judgment; the court could not look behind the judgment on the bond. It was a satisfaction of the original judgment and is to be regarded in the same light as judgments obtained in the ordinary mode of proceedings in courts of justice.

The judgment of the circuit court must, therefore, be affirmed and cause dismissed.